The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
STIPULATIONS
1. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged incident, the employer employing the requisite number of employees to be bound under the provisions of said Act.
2. An employee-employer relationship existed at the time of the alleged incident.
3. Ingle's Markets, Inc. was self-insured during October, November and December of 1992.
4. The date of the alleged incident was between October 1992 and December 1992.
5. The average weekly wage of plaintiff at the time of the injury was $324.00.
6. The following issues are to be answered by the undersigned:
 a. whether or not plaintiff sustained an injury by accident arising out of and in the course of his employment with the employer;
 b. if so, to what extent he was disabled and required medical treatment.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In November 1990 plaintiff was employed by the defendant-employer as a produce clerk. His job duties consisted of unloading truckloads of produce and frozen food, stacking the produce and frozen food in coolers, and stocking these products on display racks.
2. Plaintiff's job duties consisted of repetitive lifting, unloading, and stacking of produce cartons that weighed between forty and sixty pounds. The intensity of his workload increased during the holiday season from October 1992 through December 1992. During this time period plaintiff began having increased numbness, soreness and pain in his hands and wrists.
3. Plaintiff received medical treatment from Dr. Sean R. Maloney in October and November of 1992 for the increasing numbness and pain in his hands. Dr. Maloney diagnosed plaintiff's condition as bilateral carpal tunnel syndrome and recommended that he avoid repetitive activity with both hands.
4. Dr. Maloney referred plaintiff to Dr. E. Brown Crosby, an orthopaedic doctor specializing in hand surgery. Plaintiff saw Dr. Crosby on 5 January 1993 with complaints of numbness, burning and pain in both hands. Dr. Crosby diagnosed plaintiff as having bilateral carpal tunnel syndrome, which was worse in the right hand than the left. He injected the right carpal canal and had plaintiff wear splints on both hands.
5. Plaintiff was unable to perform his job duties for defendant-employer from 2 February 1993 through 19 April 1993.
6. Plaintiff's average weekly wage on the relevant dates was $324.00, yielding a compensation rate of $216.00.
7. Plaintiff returned to work at a different employment on 17 April 1993.
8. Dr. Crosby determined that plaintiff had reached maximum medical improvement by 18 November 1993 and evaluated him for permanent partial disability on that date. It is the medical opinion of Dr. Crosby that plaintiff has a permanent partial disability of ten percent to his right hand and five percent to his left hand. Dr. Maloney did not perform an evaluation for permanent partial disability.
* * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. During the time period between October 1992 and December 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6). The injury by accident was caused by the increased level of plaintiff's workload in repetitive unloading, lifting, and stacking cartons of produce. Id.
2. As the result of his injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $216.00 per week from 2 February 1993 through 19 April 1993. G.S. § 97-29.
3. As a result of his injury by accident plaintiff is entitled compensation at the rate of $216.00 per week for twenty weeks for the ten percent permanent partial disability he sustained to his right hand as a result of this injury by accident. Plaintiff is also entitled to compensation at the rate of $216.00 per week for ten weeks for the five percent permanent partial disability he sustained to his left hand as a result of this injury by accident. G.S. § 97-31(23).
4. As a result of his injury by accident, plaintiff is entitled to have defendants pay for all reasonable medical expenses incurred or to be incurred. G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $216.00 per week for temporary total disability for 10-4/7 weeks from 2 February 1993 through 19 April 1993. Said amount shall be paid in a lump sum subject to the attorney's fee allowed in paragraph Four of this Award.
2. Defendant shall pay compensation to plaintiff at the rate of $216.00 per week for twenty weeks for the permanent partial disability of ten percent to the right hand, and for ten weeks for the five percent permanent partial disability to the left hand. Said amount shall be paid in a lump sum subject to the attorney's fee allowed in paragraph Four of this Award.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of this injury by accident.
4. An attorney's fee of twenty-five percent of the temporary total disability compensation and the permanent partial disability compensation is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid Award and paid directly to counsel.
5. Defendants shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ DIANNE C. SELLERS COMMISSIONER